**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International Incorporated, | No.  CV-20-01578-PHX-SPL |
| Plaintiff, | **ORDER** |
| vs. | |
| PVV LLC, et al., | |
| Defendants. | |

## I.     BACKGROUND

On August 10, 2020, Plaintiff filed a Complaint in this Court alleging Defendants failed to pay certain fees and charges pursuant to a Membership Agreement and seeking to recover those fees for a total of $76,948.49. (Doc. 1 at 5-6). Service was executed against all Defendants on September 1, 2020. (Doc 11). Defendants did not file an answer or otherwise appear in this case. On October 2, 2020, this Court issued an Order to Show Cause why the action shouldn't be dismissed in its entirety for failure to prosecute. (Doc. 12). Defendants did not respond, and on October 12, 2020 Plaintiffs filed an Application for Entry of Default. (Doc. 13). The Clerk's office granted the Application and entered default against all Defendants. (Doc. 14). Before the Court is Plaintiff Best Wester Incorporated's Motion for Default Judgment (Doc. 16).

## II.     DISCUSSION

Once a party's default has been entered, the district court has discretion to grant default judgment. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th

Cir. 1980). Factors the court may consider include (1) the possibility of prejudice to the plaintiff, (2) the merits of the claim, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *See Eitel v.McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

### A.   Possible Prejudice to Plaintiff

The first *Eitel* factor weighs in favor of granting Plaintiff's motion. Plaintiff served Defendant PVV LLC on August 14, 2020 (Doc. 7) and Defendants Kishori Patel and Ketan Patel on September 2, 2021 (Docs. 10 & 11). Defendants have not answered the Complaint or otherwise appeared in this action. Further, Defendants repeatedly failed to answer Plaintiff's demands for payment even before this lawsuit. (Doc. 1 at 5-7). If Plaintiff's Motion for Entry of Default Judgment is not granted, Plaintiff will likely be without other recourse for recovery.

### B.   Merits of Plaintiff's Claims and the Sufficiency of the Complaint

The second and third *Eitel* factors also weigh in favor of granting the Motion. These factors favor a default judgment where the complaint sufficiently states a claim for relief. *See Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). The allegations in Plaintiff's Complaint, taken as true, state valid claims for breach of contract and breach of the duty of good faith and fair dealing.

### C.   Amount of Money at Stake

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct. Plaintiff requests a total of $76,948.49 in unpaid fees. (Doc. 16 at 6). The damages requested stem from several months of unpaid fees, dues, charges, and assessments pursuant to a membership agreement. The Court finds that $76,948.49 is an appropriate amount of damages in this case because the amount is ascertainable and verified by supporting documentation.

### D.      Possible Dispute Concerning Material Facts

Given the sufficiency of the Complaint and Defendants' default, no genuine dispute of material facts would preclude granting Plaintiff's motion. *See Geddes*, 559 F.2d at 560.

### E.      Whether Default Was Due to Excusable Neglect

Defendants were properly served with the summons and the Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure. (Docs. 7, 10, & 11). It therefore is unlikely that Defendants' failure to answer and the resulting default was the result of excusable neglect.

### F.      The Policy Favoring a Decision on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the very existence of Rule 55(b) indicates that this preference, standing alone, is not dispositive. Moreover, Defendants' failure to litigate this case impairs the progression of the case and renders a decision on the merits impractical, if not impossible. The Court therefore is not precluded from entering default judgment against Defendants.

## III.    CONCLUSION

Having reviewed Plaintiff's motion and supporting documents, and having considered the *Eitel* factors as a whole, the Court concludes that the entry of default judgment is appropriate. The Court finds that Plaintiff's Complaint and supporting documentation, as well as the affidavit in support of the Motion, sufficiently establish the amount of damages suffered by Plaintiff and the interest due on that amount. Accordingly,

**IT IS ORDERED:**

1.  Plaintiff's Motion for Default Judgment (Doc. 16) is **granted**;

2.  Default Judgment is entered in favor of Plaintiff Best Western International Incorporated and against Defendants PVV, LLC; Ketan Patel; and Kishori Patel in the amount of **$76,948.49**, plus post-judgment interest pursuant to 28 U.S.C. § 1961;

///

///

3.  Plaintiff is directed to file any motion for attorneys' fees and/or costs in accordance with Federal Rule of Civil Procedure 54(d), LRCiv 54.2, and LRCiv 54.1; and

4.  The Clerk of Court shall enter judgment and terminate this action.

Dated this 19th day of January, 2021.

Honorable Steven P. Logan
United States District Judge